**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY FIELD,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. SA CV 12-01086 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　If a social security claimant has an impairment that reasonably might lead to subjective symptoms, an Administrative Law Judge can reject the claimant's testimony about those symptoms only for clear and convincing reasons. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*). The primary issue on this appeal from the Commissioner's denial of disability benefits is whether the Administrative Law Judge complied with this standard.

　　　　　Insofar as the subjective symptoms concerned pain, the Administrative Law Judge did meet this standard. Plaintiff asserted that he suffered pain, but does not even appeal the decision of the Administrative Law Judge that he had no severe impairment relating to his hiatal hernia, which he said causes him pain [AR 56], or to the aftermath of his three knee surgeries. [AR 25; (Plaintiff had severe impairments of obstructive sleep apnea, gastroesophageal reflux disease and obesity.)] Furthermore, the Administrative Law

Judge gave several valid reasons why Plaintiff's allegations as to pain were not to be believed. Among these were (1) the thin medical evidence to support an impairment causing pain; inconsistency with objective medical evidence can be one factor impeaching credibility [AR 30]; *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).; and (2) no need for pain modalities. [AR 30]; *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). He also found a residual functional capacity that limited lifting to below that normally found in light work, and limited kneeling, crouching, stooping and crawling [AR 26], all limitations that accounted for pain that might be associated with the hernia or joint issues.

But pain was not the only subjective symptom that Plaintiff asserted. In *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), the Court held that fatigue was also a subjective symptom, and an administrative law judge who disbelieved a claimant's assertions of fatigue must comply with the *Bunnell* standard in making his determination. Plaintiff asserted that he suffered from fatigue as a consequence of his obstructive sleep apnea. It is reasonable to assume that such an impairment can cause fatigue, because the physician who diagnosed the sleep apnea warned Plaintiff about things like falling asleep while driving. [AR 443] *See Morris v. Astrue*, 323 Fed. Appx. 584, 585 (9th Cir. 2009) (holding that fibromyalgia, sleep apnea and obesity were impairments that reasonably could be expected to cause the pain or subjective symptoms alleged). Under *Bunnell* and *Smolen*, therefore, the Administrative Law Judge had to give clear and convincing reasons for rejecting Plaintiff's testimony. He also had to identify which testimony he was rejecting. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)

The Administrative Law Judge had this to say about Plaintiff's assertion of fatigue:

> The claimant testified he is constantly tired and even falls asleep in a fast food waiting line; yet the undersigned observed the claimant was able to sit comfortably during the course of the hearing that lasted approximately one hour, with no unusual

|   |   |
|---|---|
| 1 | posture, no shifting of weight, and no expressed need to stand, |
| 2 | or change position.  He also betrayed no evidence of pain, |
| 3 | discomfort, or inability to stay awake while testifying at the |
| 4 | hearing.  While the hearing was short-lived and cannot be |
| 5 | considered a conclusive indicator of the a claimant's overall |
| 6 | level of limitations on a day-to-day basis, the apparent lack of |
| 7 | discomfort during the hearing is given some slight weight in |
| 8 | reaching the conclusion regarding the credibility of the |
| 9 | claimant's allegations and the claimant's residual functional |
| 10 | capacity. |

[AR 30] The Administrative Law Judge's understanding that he could draw only a limited inference from the ability of Plaintiff to stay awake during the hearing, and that he could do no more than give it "slight weight," is consistent with the law holding that an administrative law judge's personal observations cannot be the basis for discrediting a claimant's testimony as to his subjective symptoms. *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985).

There is very little else in the decision discussing Plaintiff's credibility, however, insofar as it concerns Plaintiff's testimony concerning his fatigue.  The Administrative Law Judge did discuss Plaintiff's activities of daily living [AR 29], but he did so in an unfair way, and in a way that does not pertain to Plaintiff's fatigue. The Administrative Law Judge said that Plaintiff's activities of daily living were inconsistent with allegations of "totally debilitating symptomatology," [AR 29], but this is a straw man because Plaintiff did not assert "totally debilitating symptatology."  Especially as to his sleep apnea-induced fatigue, Plaintiff did not say that he could do *nothing*, but rather that he fell asleep from time to time, sometimes at the dinner table or in a fast food line [AR 50], sometimes in a meeting [AR 55]. The activities that Plaintiff *was* able to perform, such as some light cleaning or occasional shopping, did not belie these assertions of impairing

fatigue. Indeed evidence of one of the activities that the Administrative Law Judge referenced was that Plaintiff took his nine-year old daughter to school "if he can be woken up." [AR 29]

The Administrative Law Judge also said that the record indicates that Plaintiff had exaggerated his symptoms and limitations [AR 29], but he specified no such exaggerations, and certainly not as to Plaintiff's assertions of fatigue. The Administrative Law Judge said that Plaintiff had been evasive or vague when testifying [*id*.], but gave no instances of such evasiveness or vagueness. The Administrative Law Judge said that "the paucity of medical evidence" suggests that Plaintiff was not seeking or receiving treatment for his impairments [AR 30] but, as to his sleep apnea, that was not true, as Plaintiff sought treatment from specialists [AR 442-43], and explained how his hiatal hernial and esophagitis made it dangerous for him to use a CPAP mask that otherwise might have alleviated the symptoms from his sleep apnea. [AR 48] Finally, the Administrative Law Judge said that his adverse credibility finding was based on "the claimant's generally unpersuasive appearance and demeanor while testifying at the hearing." [AR30] Again, without some specificity, it is hard to conclude that this is even *part* of a clear and convincing explanation of why Plaintiff was not to be believed.

The Administrative Law Judge therefore did not follow the law as set forth in *Bunnell* and *Smolen*. While he erred in disregarding Plaintiff's testimony about his fatigue, however, the remedy for the error is less certain. The record contains little evidence as to the extent to which the fatigue in fact might inhibit Plaintiff from working. The Administrative Law Judge gave what he called controlling weight to "the medical opinions and conclusions" of treating physicians Drs. Phan and Tantamjarik. [AR 31] The Administrative Law Judge did not mention any specific opinion of those doctors that was controlling, but Dr. Tantamjarik did refer Plaintiff for a nocturnal polysomnogram, and the physician who prepared the report for Dr. Tantamjarik noted, among other things, the severe nature of Plaintiff's sleep apnea and the attendant daytime sleepiness . [AR 442-43] None of those doctors, however, gave an opinion of Plaintiff's residual functional capacity.

The Administrative Law Judge also gave "substantial weight" to the opinion of examining physician Dr. Godes [AR 31], and "great weight" to the testimony of the non-examining medical expert Dr. Nafoosi. [AR 32] Each of those doctors did suggest a residual functional capacity. For his part, Dr. Godes described a residual functional capacity as to Plaintiff's physical limitations, but not as to Plaintiff's fatigue. He did address Plaintiff's fatigue by saying that Plaintiff's "limiting problem is the daytime sleepiness associated with his sleep apnea," [AR 390], implying that the daytime sleepiness imposed a restriction of some sort on Plaintiff's otherwise physical capability. Acknowledging that his RFC conclusion was based upon his physical examination of Plaintiff [*id*.], Dr. Godes' comment about Plaintiff's limiting problem must be read as qualifying the physical residual functional capacity that he otherwise found, but without indicating, in any quantitative way, the kinds of limitations that were imposed.

Dr. Nafoosi did not mention anything about Plaintiff's sleepiness when establishing a residual functional capacity. On cross-examination, he did appear to accept that an inability to repair the hiatal hernia might have an impact on Plaintiff's ability to function, but he stated that he did not see such a restriction in the file. [AR 21] For his part, the Administrative Law Judge acknowledged Plaintiff's statement that he could not have surgery to repair the hernia, but the Administrative Law Judge did not state that he disbelieved this statement. [AR 28]

The Administrative Law Judge's reliance on Dr. Godes and Dr. Nafoosi to establish a residual functional capacity was misplaced. Aside from the fact that their residual functional capacities did not address the impact of Plaintiff's sleep apnea, the Administrative Law Judge wrongly relied on them as "specialist[s] in evaluating impairments." [AR 31 (Godes), 32 (Nafoosi)] The regulations do provide that the Commissioner will give more weight to the opinion of a specialist related to his or her area of specialty than to a non-specialist, 20 C.F.R. § 404.1527(d)(5). Dr. Godes, however, lists himself as a "Board Certified Internist," [AR 390], and Dr. Nafoosi likewise testified that he is a doctor in internal medicine. [AR 58] Neither presented any evidence of

specialization in sleep disorders. There is no medical specialty of "evaluating impairments;" that is akin to saying a doctor is a specialist in being a doctor.

The record therefore contains insufficient evidence from which the impact of Plaintiff's impairment of sleep apnea, and resulting fatigue, can be evaluated. The Administrative Law Judge, of course, can re-contact Plaintiff's physician to obtain further information, or purchase a consultation with a physician whose expertise includes the evaluation of sleep apnea and the impact of Plaintiff's gastrointestinal disorder, 20 C.F.R. §§ 404.1512(e) and (f), or perhaps take other approaches. On the present state of the record, however, there is not substantial evidence to support the determination that Plaintiff is not disabled.

In accordance with the foregoing, the decision is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this memorandum opinion.

IT IS SO ORDERED.

DATED: September 24, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE